Daniel K. Brough (10283)
BENNETT TUELLER JOHNSON & DEERE
3165 East Millrock Drive, Suite 500
Salt Lake City, UT 84121
Telephone: (801) 438-2000
Facsimile: (801) 438-2050
Email: dbrough@btjd.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PACKAGERUNNER LOGISTICS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MLS COURIER, LLC, a Colorado limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br>**(Jury Trial Demanded)**<br><br>Case No. 2:20-cv-00054<br><br>Judge Evelyn J. Furse |

Plaintiff PackageRunner Logistics, LLC, by and through counsel, complains against Defendant MLS Courier, LLC and for causes of action alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff PackageRunner Logistics, LLC ("PackageRunner") is a Utah limited liability company that maintains its principal place of business in Salt Lake County, Utah.

2. All of PackageRunner's members are either individuals residing in the State of Utah or limited liability companies whose individual members reside in the State of Utah.

Tracing Intermountain's membership to the individual level, all such individuals are residents of Utah.

3. Based on the foregoing, PackageRunner is therefore a citizen of Utah.

4. Defendant MLS Courier, LLC ("MLS") is a Colorado limited liability company that maintains its principal place of business in Denver, Colorado.

5. Upon information and belief, formed after a reasonable investigation, none of MLS's respective members, traced to the individual level, are residents of Utah.

6. Based on the foregoing, MLS is therefore not a citizen of Utah.

7. This Court possesses subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between PackageRunner on the one hand, and Defendants on the other hand, in that they are citizens of different states, and the amount in controversy exceeds $75,000.00.

8. This Court possesses both general and specific personal jurisdiction over MLS in that MLS's operations managers and dispatchers contacted PackageRunner's general manager, Barry Cook ("Cook"), on a near-daily basis to arrange for deliveries. Cook resides in, and maintains his office in Utah. Furthermore, MLS has customers in Utah and has contracted with PackageRunner to deliver to MLS customers in Utah. Additionally, Cook met with Stephanie Gerard, of MLS, in Utah to discuss PackageRunner's and MLS's business relationship. MLS also delivered payment for PackageRunner's services to PackageRunner in Utah.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to PackageRunner's claims occurred in the District of Utah, and pursuant to 28 U.S.C. § 1391(b)(3) to the extent that there is no district in

which an action may otherwise be brought because MLS is subject to personal jurisdiction in the District of Utah.

## GENERAL ALLEGATIONS

10. MLS provies courier and logistics services for the delivery of various types of products, including medical center and hospital supplies, laboratory services, and pharmaceuticals. In certain circumstances, MLS contracts with other courier service providers for delivery of its customers' items.

11. PackageRunner offers end-user delivery services.

12. PackageRunner served as an independent subcontractor to MLS, providing courier services for MLS's customers in Wyoming and Montana.

13. PackageRunner and MLS are parties to an oral agreement whereby PackageRunner served as an independent subcontractor to MLS, providing courier services for MLS's customers in Wyoming and Montana in exchange for payment by MLS to PackageRunner (the "Agreement").

14. Consistent with the Agreement, PackageRunner consistently invoiced MLS for services on a "Net 15" payment basis.

15. Despite PackageRunner's performance, MLS ceased making payments to PackageRunner on or about November 23, 2019.

16. As of the date of this Complaint, MLS owes PackageRunner a total balance of $80,555.48.

17. Since MLS's November 23, 2019, cessation of payment, PackageRunner continued to perform courier services already in its work pipeline for MLS's customers.

PackageRunner expects that this work will amount to approximately $10,000.00 to $20,000.00 of additional invoices to MLS.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract)

18. PackageRunner incorporates all preceding allegations as if fully set forth herein.

19. The Agreement constitutes a valid, enforceable, and binding contract between PackageRunner and MLS whereby PackageRunner provided courier services to MLS and its customers in exchange for MLS's promise to pay PackageRunner defined, invoiced amounts.

20. PackageRunner performed all of its obligations pursuant to the Agreement, and all conditions precedent to MLS's obligation to pay PackageRunner pursuant to the Agreement have been satisfied.

21. MLS has materially breached the Agreement by, without limitation, failing and refusing to pay PackageRunner amounts that MLS owes pursuant to the Agreement.

22. As a direct and proximate result of MLS's breach of the Agreement, PackageRunner has sustained damages in an amount to be proven at trial, but not less than $80,555.48, not including additional incurred but heretofore uninvoiced amounts.

23. PackageRunner is therefore entitled to a judgment as described in paragraph 1 of the Prayer for Relief.

**SECOND CLAIM FOR RELIEF**
(Breach of Implied Covenant of Good Faith and Fair Dealing)

24. PackageRunner incorporates all preceding allegations as if fully set forth herein.

25.     An implied covenant of good faith and fair dealing inheres in the Agreement that prevents MLS from acting, or failing to act, in any manner that deprives PackageRunner of the benefit of the bargain derived from the Agreement.

26.     MLS has materially breached the implied covenant of good faith and fair dealing inhering in the Agreement by, without limitation, failing and refusing to pay PackageRunner amounts that MLS owes pursuant to the Agreement, and by delaying its responsiveness to demands for payment.

27.     As a direct and proximate result of MLS's breach of the implied covenant of good faith and fair dealing inhering in the Agreement, PackageRunner has sustained damages in an amount to be proven at trial, but not less than $80,555.48, not including additional incurred but heretofore uninvoiced amounts.

28.     PackageRunner is therefore entitled to a judgment as described in paragraph 2 of the Prayer for Relief.

## THIRD CLAIM FOR RELIEF
(Unjust Enrichment/Quantum Meruit/Quasi/Contract)

29.     PackageRunner incorporates all preceding allegations as if fully set forth herein.

30.     In the alternative to its claims for breach of contract and breach of the implied covenant of good faith and fair dealing, PackageRunner asserts this equitable claim for unjust enrichment, quantum meruit, and/or quasi-contract.

31.     By performing courier services for MLS's customers, PackageRunner conveyed a valuable benefit upon MLS.

32.     PackageRunner did not confer this benefit officiously.

33. MLS was aware of and appreciated the benefit that PackageRunner conveyed upon it.

34. By failing and refusing to compensate PackageRunner in an amount equivalent to the value of the benefit PackageRunner conferred, MLS has unjustly enriched itself at PackageRunner's expense.

35. As a direct and proximate result of MLS's unjust enrichment, PackageRunner has sustained damages in an amount to be proven at trial.

36. PackageRunner is therefore entitled to a judgment as described in paragraph 3 of the Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, PackageRunner prays for relief against MLS as follows:

1. On PackageRunner's First Claim for Relief, for breach of contract, for a judgment awarding PackageRunner its general, compensatory, and consequential damages in an amount to be proven at trial but not less than $80,555.48, not including additional incurred but heretofore uninvoiced amounts, as well as pre- and post-judgment interest as authorized by governing law.

2. On PackageRunner's Second Claim for Relief, for breach of the implied covenant of good faith and fair dealing, for a judgment awarding PackageRunner its general, compensatory, and consequential damages in an amount to be proven at trial but not less than $80,555.48, not including additional incurred but heretofore uninvoiced amounts, as well as pre- and post-judgment interest as authorized by governing law.

3. On PackageRunner's Third Claim for Relief, for unjust enrichment/quantum meruit/quasi-contract, for a judgment awarding PackageRunner its general, compensatory, and

consequential damages in an amount to be proven at trial, as well as pre- and post-judgment interest as authorized by governing law.

4. For an award of attorney fees and costs as provided for by law or equity.

5. For such other and further relief as the Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

PackageRunner hereby demands a trial by jury of all issues so triable.

DATED this 27th day of January, 2020.

           BENNETT TUELLER JOHNSON & DEERE

           /s/ Daniel K. Brough
           Daniel K. Brough

           *Attorneys for Plaintiff*

Plaintiff's Address
2708 South Redwood Road
Salt Lake City, UT 84119